UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02243-RGK-DTB | Date | September 22, 2025 |
|---|---|---|---|
| Title | *Anthony Korkis v. CRST Expedited, Inc et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Re: Amount in Controversy

On June 26, 2025, Anthony Korkis ("Plaintiff") filed a Complaint against CRST Expedited, Inc., et al ("Defendants") in state court alleging wrongful termination, sexual discrimination, unfair business practices, negligence, and violations of state wage and hour laws. On August 27, 2025, Defendants timely removed the action to this Court on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Plaintiff seeks damages for lost wages, emotional distress, statutory penalties, punitive damages, and attorneys' fees. In support of the removal, Defendants set forth the claims, then generally state, without any calculation, that Plaintiff lists distinct claims for damages that, in the aggregate, demonstrate that the amount in controversy is well above the jurisdictional threshold.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02243-RGK-DTB | Date | September 22, 2025 |
| Title | *Anthony Korkis v. CRST Expedited, Inc et al* | | |

    The Court finds that Defendants' notice falls well below the standard required to plausibly allege that the amount in controversy exceeds $75,000. Accordingly, the Court **ORDERS** Defendants to **show cause in writing** why the jurisdictional requirements are satisfied. Such a response **shall not exceed five pages** and must be submitted within **five days from the date this order is entered.**

    **IT IS SO ORDERED.**

 

Initials of Preparer           JRE/vc